SO ORDERED.

Dated: July 26, 2021

Daniel P. Collins, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| STAR MOUNTAIN RESOURCES, INC., | Case No: 2:18-bk-01594-DPC |
| Debtor. | Adversary No. 2:19-ap-00412-DPC |
| JARED PARKER, in his capacity as Plan Trustee for the Star Mountain Plan Trust, | |
| Plaintiff, | **UNDER ADVISEMENT ORDER REGARDING TITAN DEFENDANTS' MOTION UNDER RULE 56(d) FOR ADDITIONAL TIME TO CONDUCT DISCOVERY** |
| vs. | |
| TITAN MINING (US) CORPORATION, a Delaware Corporation; TITAN MINING CORPORATION, a British Columbia, Canada Corporation; NORTHERN ZINC, LLC, a Nevada limited liability company; JOHN AND JANE DOES 1-10; BLACK CORPORATION 1-10; WHITE PARTNERSHIPS 1-10; and GRAY TRUSTS 1-10, | [NOT FOR PUBLICATION] |
| Defendants. | |

The Titan Defendants[1] moved under Fed. R. Bankr. P. 7056 (Fed. R. Civ. P. 56(d)) for additional time to conduct discovery before responding to Jared Parker's ("Plaintiff") Motion for Partial Summary Judgment filed on April 23, 2021.[2] The Plaintiff filed a

---

[1] So defined in the motion at DE 137. DE hereinafter refers to docket entries within adversary proceeding 2:19-ap-00412-DPC.
[2] DE 130.

response,[3] and the Titan Defendants filed a reply.[4] Oral argument was held on July 13, 2021. Because this Court finds that the Titan Defendants complied with the procedural requirements of Rule 56(d) and because the Court finds that further discovery would aid the Titan Defendants and not merely delay the proceedings, the Titan Defendants' motion is hereby granted. The Titan Defendants shall have until February 24, 2022 (i.e., 14 days after the close of expert discovery) to respond to Plaintiff's Motion for Partial Summary Judgment.

I. **Background**

Plaintiff's Motion for Partial Summary Judgment requests the Court find that Star Mountain was insolvent as of the date of the transfer which is at the center of this adversary proceeding and that Northern Zinc was the alter ego of Star Mountain. The Titan Defendants' Rule 56(d) motion seeks additional time to conduct discovery prior to responding to Plaintiff's Motion for Partial Summary Judgment. The Titan Defendants assert that certain facts and information will be obtained through discovery which will assist the Titan Defendants in opposing Plaintiff's motion. The Titan Defendants intend to depose the Plaintiff and contend that deposition will help them demonstrate that Plaintiff's Motion for Partial Summary Judgment is not supported by admissible evidence. Further, the Titan Defendants expect to retain an expert to testify on corporate formalities and solvency, believing the experts' testimony will rebut Plaintiff's insolvency and alter ego claims. Specifically, the Titan Defendants assert this testimony will demonstrate that there is an issue of fact pertaining to both insolvency and alter ego.

---

[3] DE 148.
[4] DE 153.

## II. Analysis

After surveying 9th Circuit authority regarding Rule 56(d) motions, the Arizona District Court noted:

> When making a Rule 56(d) determination, [the court] should consider whether the parties have diligently conducted discovery prior to the Rule 56(d) motion, whether they complied with the procedural requirements of the Rule, and whether further discovery would aid the party opposing summary judgment or merely delay the proceedings.

*Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement and Power Dist.*, No. 2:10-CV-290, 2016 U.S. Dist. LEXIS 91821, at *29–30 (D. Ariz. Feb. 22, 2016).

Here, the Titan Defendants complied with the procedural requirements of Rule 56(d) by submitting a declaration of Titan Defendants' attorney John O'Neal which details the need for further fact discovery and subsequent expert discovery. Further, considering Plaintiff's response, together with the arguments made by each side during the July 13, 2021 hearing, the Court does not find that the Titan Defendants have failed to conduct discovery in a diligent manner. As of the date of the July 13, 2021 hearing, the Titan Defendants had conducted several depositions and submitted follow up requests to certain requests for production. Finally, the Court finds that further discovery will aid the Titan Defendants in responding to Plaintiff's motion and not merely delay the proceedings. The Titan Defendants intend to use expert testimony to rebut the issues of alter ego and insolvency. The Amended Case Management Order[5] states that the parties have until February 10, 2022 to complete expert depositions.

**IT IS HEREBY ORDERED** that the Titan Defendants shall have until February 24, 2022 (14 days after the close of expert discovery) to file a response to Plaintiff's Motion for Partial Summary Judgment.

**DATED AND SIGNED ABOVE.**

---

[5] DE 190.

| | |
|---|---|
| 1 | COPY of the foregoing mailed by the BNC to: |
| 2 | John A. Harris |
| 3 | John M. O'Neal<br>Quarles & Brady LLP |
| 4 | Renaissance One<br>Two North Central Avenue |
| 5 | Phoenix, AZ 85004-2391 |
| 6 | Thomas J. Salerno |
| 7 | Jeffrey Goulder<br>Anthony P. Cali |
| 8 | Stinson LLP<br>1850 N. Central Avenue, Suite 2100 |
| 9 | Phoenix, AZ 85004-4584 |